# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RUIZ,<br><br>         Plaintiff,<br>vs.<br>TIMOTHY GEITHNER,<br><br>         Defendant. | **CASE NO. 09-CV-1332 H (NLS)**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On August 26, 2009, Defendant Timothy Geithner filed a motion to dismiss Plaintiff's complaint. (Doc. No. 5.) Under Local Civil Rule 7.1(e)(2), Plaintiff's opposition or notice of non-opposition was due no later than September 21, 2009. Plaintiff has filed no opposition. The Court concluded that this matter is appropriate for resolution without oral argument and submitted Defendant's motion to dismiss on the papers under Local Civil Rule 7.1(d)(1). (Doc. No. 6.) For the following reasons, the Court grants Defendant's motion and dismisses Plaintiff's Complaint. Plaintiff may file an amended complaint curing the noted deficiencies no later than **November 9, 2009** and may properly serve Defendant by no later than **December 7, 2009**.

## Background

On June 19, 2009, *pro se* Plaintiff Alvin Ruiz filed his Complaint titled "Libel of Review - common law counterclaim in admiralty - notice lis pendens and - verified statement of right - Re: God-given unalienable rights in the original estate - Article III;

Constitution." (Doc. No. 1.) The Complaint names Timothy Geithner, apparently in his official capacity as Secretary of the Treasury, as Defendant. While the relief sought by Plaintiff is not entirely clear, it appears that the Complaint seeks to enjoin the IRS from assessing and collecting the tax liability of his wife, Sandra Pates, and further requests the arrest of Timothy Geithner if the IRS continues its attempts to assess and collect Ms. Pates' tax liabilities. Id.

The United States, on behalf of Defendant, has filed this motion for dismissal based upon a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), insufficiency of service of process under Fed. R. Civ. P. 12(b)(5), and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. No. 5.)

## Discussion

### I.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss an action for lack of subject matter jurisdiction. Subject matter jurisdiction is required because federal courts have limited jurisdiction and can adjudicate only those cases authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Upon a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists. Id.; Thornhill Pub. Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect can be corrected by an amendment.'" Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) (quoting Smith v. McCullough, 270 U.S. 456, 459 (1926)).

Defendant argues that this court lacks jurisdiction because (1) the United States has not waived its sovereign immunity, (2) the suit is barred by the Anti-Injunction Act, 26

U.S.C. § 7421, and (3) Plaintiff lacks standing. (Doc. No. 5.)

**A.  Sovereign Immunity**

The United States is a sovereign and is therefore immune from suit unless it has expressly waived its immunity and consented to be sued. See United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "The question of whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). In a suit against the federal government, the plaintiff bears the burden of showing an unequivocal waiver of immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987); Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). If sovereign immunity has not been waived, the court must dismiss the suit. See Gilbert, 756 F.2d at 1458; Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

The fact that Plaintiff named Timothy Geithner as defendant does not keep the action from being a suit against the United States. The doctrine of sovereign immunity extends to agents and officers of the United States when they are sued in their official capacities and the relief would affect the public fisc. Spalding v. Vilas, 161 U.S. 483, 498-99 (1896). "It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." Gilbert, 756 F.2d at 1458 (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949)). Thus, this suit against Timothy Geithner in his official capacity is essentially a suit against the United States and is barred by the doctrine of sovereign immunity unless Plaintiff can show unequivocal waiver.

Plaintiff has not met his burden of showing that the United States has waived its immunity. The Complaint cites Article III, § 3 of the U.S. Constitution, several Rules of Civil Procedure with respect to admiralty, and the following federal statutes: 18 U.S.C. §§ 661, 1201 & 2381; 22 U.S.C. § 611; 26 U.S.C. § 6323(F)(3); 28 U.S.C. §§ 1603, 1331 & 1333. (Doc. No. 1.)

None of these provisions expressly provide for suits against the United States under the circumstances presented in this action. Article III, §3 of the U.S. Constitution concerns treason against the United States and is therefore unrelated to jurisdiction in this case. The cited admiralty procedural rules and 28 U.S.C. § 1333 are also unrelated to jurisdiction in this action because Plaintiff has not pled any claims in admiralty. The cited sections of Title 18 cannot waive immunity because they are criminal statutes that must be enforced by the United States Attorney. Plaintiff also cites 28 U.S.C. § 1603, which addresses the immunity of foreign states to the jurisdiction of the United States' courts, and 22 U.S.C. § 611, which addresses registration of foreign propagandists. This action does not involve foreign states or propagandists, and these statutes do not relate to waiver of sovereign immunity in the circumstances presented here. Plaintiff further cites 26 U.S.C. § 6323, which relates to the priority of federal tax liens with respect to other liens. Plaintiff has not, however, pled any claims related to the priority of federal tax liens. Finally, Plaintiff claims jurisdiction under 28 U.S.C. § 1331. This statute does not, on its own, waive the government's sovereign immunity. Kester v. Campbell, 652 F.2d 13, 15 (9th Cir. 1981), cert. denied, 454 U.S. 1146 (1982).

Plaintiff has failed to demonstrate the waiver of sovereign immunity necessary to maintain this suit against the United States and the case must be dismissed for lack of jurisdiction.

**B.    Anti-Injunction Act**

The Anti-Injunction Act, 26 U.S.C. § 7421, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." With the limited exception discussed below, any action that falls within the Act's proscription must be dismissed for lack of subject matter jurisdiction. See Bob Jones Univ. v. Simon, 416 U.S. 725, 748-49 (1974); Alexander v. "Americans United" Inc., 416 U.S. 752, 757-58 (1974). To the extent that Plaintiff seeks to restrain the collection of Sandra Pates' tax liabilities, such relief is specifically prohibited by the Anti-Injunction Act. Additionally, Plaintiff's request that the Court issue an arrest warrant for Timothy Geithner

1  if the Government does not cease its efforts is barred by the Act because it seeks to disrupt
2  the Government's efforts to assess and collect taxes.
3        An action that falls within the Anti-Injunction Act's proscription may still be
4  maintained if a plaintiff can show that (1) under no circumstances could the government
5  prevail, and that (2) equity jurisdiction is otherwise present. <u>Enochs v. Williams Packing &</u>
6  <u>Navigation Co.</u>, 370 U.S. 1, 7 (1962). Plaintiff has failed to plead facts sufficient to place
7  his claims within this limited exception. First, Plaintiff failed to show that under no
8  circumstances could the government prevail. In fact, the Government has presented
9  compelling reasons why the case should be dismissed. Second, Plaintiff has not shown that
10 equity jurisdiction otherwise exists. Such a showing would be difficult to make under these
11 facts because there is an adequate remedy at law. Ms. Pates could have paid the full
12 amount of taxes owed and sued for a refund. <u>See</u> <u>Cool Fuel, Inc. v. Connett</u>, 685 F.2d 309,
13 314 (9th Cir. 1982) (citing <u>Bailey v. George</u>, 259 U.S. 16 (1922)).
14       Because Plaintiff's claims fall within the Anti-Injunction Act's proscription and do
15 not fit into the Act's limited exception, this Court finds that it has no jurisdiction over
16 Plaintiff's claims.
17 **C.    Standing**
18       Article III, §2 of the U.S. Constitution places the case or controversy limit on the
19 federal judiciary. "[T]o satisfy Article III's standing requirements, a plaintiff must show
20 (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or
21 imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged
22 action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury
23 will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envtl.</u>
24 <u>Servs. (TOC) Inc.</u>, 528 U.S. 167, 180-81 (2000). Moreover, a party "generally must assert
25 his own legal rights and interests, and cannot rest his claim to relief on the legal rights or
26 interests of third parties." <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975). The Supreme Court
27 has recognized limited exceptions to this rule, allowing third-party standing where (1) the
28 party asserting the right has a close relationship with the person who possesses the right

and (2) where there is a hindrance to the possessor's ability to protect his own interests. Kowalski v. Tesmer, 543 U.S. 125, 129-30 (2004) (citing Powers v. Ohio, 499 U.S. 400, 411 (1991)).

Here, it appears that Plaintiff is not challenging his own tax liabilities, but rather those of his wife, Sandra Pates. However, Plaintiff has made no showing that Ms. Pates would have any difficulty vindicating her own rights. Third party standing is therefore inappropriate and this court does not have jurisdiction over Plaintiff's claims.

**II.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state

a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555. *Pro se* litigants may be entitled to greater leeway when courts construe their pleading, but "those pleadings must nonetheless meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court may, however, consider the contents of documents properly submitted as part of the complaint. Id.

Plaintiff's complaint fails to satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2). After a careful reading of the complaint, this Court finds little more than "conclusory allegations of law and unwarranted inferences," Epstein, 83 F.3d at 1140, that are insufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Accordingly, this Court grants Defendant's motion to dismiss based on Plaintiffs failure to state a claim upon which relief can be granted.

**III.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)**

Federal Rule of Civil Procedure 4(i) provides specific procedures that must be followed to effect service upon the United States and its agencies, corporations, officers, or employees. To serve the United States with process, a party must send the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C., and either personally deliver them to the United States Attorney (or his or her designee) for the district where the case is brought or send them to the civil process clerk for that district's U.S. Attorney's Office by registered or certified mail. Fed. R. Civ. P. 4(i)(1). To serve an agency of the United States or an officer or employee sued in an official capacity, a party must satisfy the Rule 4(i)(1) requirements for serving the United States and further send the summons and complaint to the agency, officer, or employee by registered or certified mail. Fed. R. Civ. P. 4(i)(2). If the party fails to effect service in

1 compliance with Rule 4(i), then the Court lacks personal jurisdiction over the United States
2 and the case must be dismissed. <u>See</u> <u>Reynolds v. United States</u>, 782 F.2d 837, 838 (9th Cir.
3 1986).

4 Plaintiff has failed to properly serve defendant as required by Rule 4(i).
5 Specifically, Plaintiff has not served copies of the summons and complaint by certified or
6 registered mail on Secretary Geithner by serving the United States Attorney, the Attorney
7 General, and Secretary Geithner. This Court therefore grants Defendant's motion to
8 dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).

## Conclusion

Accordingly, the Court grants Defendant's motion and dismisses Plaintiff's Complaint. Plaintiff may file an amended complaint curing the highlighted deficiencies no later than **November 9, 2009**, and, pursuant to Federal Rule of Civil Procedure 4(m), may properly serve process no later than **December 7, 2009**.

**IT IS SO ORDERED**.

DATED: October 5, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT